## Buckham's License.

Argued May 17, 1907.    Appeal, No. 203,  April T., 1907, by
Edward Buckham, from order of Q. S. Mercer Co., Jan. T.,
1907, No. 45, refusing a retail license.   Before RICE, P. J.,
HENDERSON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

PER CURIAM, October 7, 1907 :
The order is affirmed.

---

## Gailey v. New Castle Elastic Pulp Plaster Company, Appellant.

*Deed—Reformation of deed—Evidence—Equity—Ratification—Corporation.*

In order to reform a deed on the ground of mistake, it must clearly appear by the testimony of witnesses who distinctly remember the facts that a mistake was made, and that the writing does not express the agreement.  The testimony must be clear, precise and indubitable, and of such weight and directness as to carry conviction to the mind.

To bind a corporation by a ratification of a preliminary agreement which is omitted by a mutual mistake, it is essential that the corporation have full knowledge of all the facts and circumstances, and also that it was known that it would not be bound without ratification.  Such relief is generally withheld unless the parties can be restored substantially to their position at the time the contract was made.  If this cannot be done the court will relieve only where the clearest and strongest equity imperatively demands it.

Mistake, to be available in equity, must not have arisen from negligence, where the means of knowledge were easily accessible.  The party complaining must have exercised at least the degree of diligence which may fairly be expected from a reasonable person.

A bill in equity to reform a deed to a corporation by inserting a covenant alleged to have been omitted by mutual mistake, will be dismissed, where the answer denies that a mistake was made, and it appears that the plaintiff ignored the omission for several years, and took no steps in the matter until the position of the parties had materially changed, and it does not appear that the scriviner made any mistake in preparing the deed according to instructions, and the plaintiff's only explanation of the omission was, that it was "just through neglect and carelessness."